UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MULTI-JUICE, S.A., SNAPPLE HELLAS, S.A.,
and NEW AGE BEVERAGES HELLAS,

                         Plaintiffs,                          02 Civ. 4635 (RPP)

         - against -                               **OPINION AND ORDER**

SNAPPLE BEVERAGE CORP., and
MISTIC BRANDS, INC.,

                         Defendants.
-----------------------------------------------------------------------X
SNAPPLE BEVERAGE CORP., and
MISTIC BRANDS, INC.,

                         Counterclaim Plaintiffs,

         - against -

MULTI-JUICE, S.A., NEW AGE BEVERAGE
HELLAS, ARTHUR TAVANTZIS and
NAOUM TAVANTZIS,

                         Counterclaim Defendants.
-----------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       By motion dated December 13, 2004, Plaintiffs/Counterclaim Defendants Multi-Juice, S.A., Snapple Hellas, S.A., and New Age Beverage Hellas ("Plaintiffs") move for an order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure extending the dates for the close of discovery, the exchange of expert reports, and the service of Plaintiffs' answer to the counterclaims set forth in the Stipulation and Order dated December 22, 2003. Defendants/Counterclaim Plaintiffs Snapple Beverage Corp. and Mistic Brands, Inc. ("Defendants") oppose the motion. For the reasons that follow, Plaintiffs' motion is granted.

**BACKGROUND**

Plaintiffs commenced this action on June 14, 2002. The background to this controversy is set forth in a prior opinion of this Court, <u>Multi-Juice, S.A. v. Snapple Bev. Corp.</u>, No. 02 Civ. 4635 (RPP), 2003 U.S. Dist. LEXIS 7040 (S.D.N.Y. Apr. 24, 2003), familiarity with which is assumed. Additional matters relevant to the determination of this motion are discussed below.

On April 24, 2003, this Court granted Defendants' motion to dismiss six of the ten causes of action listed in the Complaint, and Defendants' motion to disqualify Plaintiffs' first counsel, Louis Burke, Esq., because of the likelihood that Mr. Burke would be called to testify at trial as a fact witness. See <u>Multi-Juice, S.A.</u>, 2003 U.S. Dist. LEXIS 7040. The Court granted Plaintiffs' motion to substitute David B. Bernfeld, Esq. as counsel on November 5, 2003.

On December 22, 2003, the Court signed a Stipulation and Order (the "Scheduling Order") that established an amended discovery schedule to which the parties had agreed. The Scheduling Order provided, <u>inter</u> <u>alia</u>, that the parties were to complete fact discovery by July 30, 2004, complete expert discovery by November 19, 2004, and file and serve summary judgment motions by December 22, 2004. The Scheduling Order also gave Plaintiffs until no later than February 16, 2004 to serve upon Defendants an answer to Defendants' counterclaims, and until no later than March 1, 2004 to produce to Defendants all remaining documents not yet provided pursuant to Defendants' First Request for Production of Documents, dated December 27, 2002. Plaintiffs did not comply with any of these deadlines, and neither Plaintiffs nor Defendants initiated or took any discovery during 2004.

The Court granted Plaintiffs' second motion to substitute counsel on December 2, 2004, replacing Mr. Bernfeld with Christopher J. Gray, Esq. Five days later, the parties appeared before the Court and Mr. Gray sought leave to conduct discovery even though the deadlines established by the Scheduling Order had passed. The Court instructed Plaintiffs to file a motion to reopen discovery, which Plaintiffs did on December 13, 2004.

**DISCUSSION**

Rule 16(b) of the Federal Rules of Civil Procedure governs a motion to extend deadlines contained in a scheduling order. Pursuant to Rule 16(b), once a district court enters a scheduling order, the schedule "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)) (explaining that Rule 16(b) permits modifications where the court determines that "[the deadlines] cannot reasonably be met despite the diligence of the party seeking the extension"). The parties do not dispute that Plaintiffs failed to comply with the deadlines established by the December 22, 2003 Scheduling Order and that neither Plaintiffs nor Defendants initiated or took any discovery during 2004.

Plaintiffs contend that good cause exists for this Court to extend the dates for the close of discovery, the exchange of expert reports, and the service of Plaintiffs' answer to Defendants' counterclaims because: Plaintiffs, who reside in Greece, did not become

aware of the court-ordered deadlines or Mr. Bernfeld's failure to meet those deadlines until November 2004; Mr. Bernfeld misrepresented the status of the case to Mr. Burke, who acted on behalf of the non-resident Plaintiffs; and discovery is required to sharpen issues for trial.

According to Plaintiffs, after Mr. Bernfeld replaced Mr. Burke as their attorney, Naoum Tavantzis, one of Plaintiffs' principals, made numerous attempts to contact Mr. Bernfeld about the progress of the case. Between January and October of 2004, Mr. Tavantzis "called [Mr. Bernfeld] on the telephone approximately ten times to inquire about the status of the case." (Affidavit of Naoum Tavantzis, dated Dec. 9, 2004 ("Tavantzis Aff.") ¶ 3.) Despite leaving messages for Mr. Bernfeld each time, Mr. Tavantzis did not receive a response. (Id.) Mr. Tavantzis also mailed letters to Mr. Bernfeld via certified mail on May 3, 2004 and July 14, 2004, but Mr. Bernfeld did not respond to these inquires. (Id. ¶ 4; Letters from Tavantzis to Bernfeld, attached as Ex. 1 to Tavantzis Aff.)

In addition to their own efforts to contact Mr. Bernfeld, Plaintiffs enlisted their previous attorney, Mr. Burke, "to continue to monitor Mr. Bernfeld's prosecution of their case even after this Court disqualified [him] from representing them in this case." (Affidavit of Louis F. Burke, dated Jan. 31, 2005 ("Burke Aff.") ¶ 4.) According to Mr. Burke, he spoke with Mr. Bernfeld by telephone approximately fifteen times between March and September of 2004 and, when he asked Mr. Bernfeld about the status of Plaintiffs' case, Mr. Bernfeld "expressly indicated that the case was proceeding." (Id.) Mr. Burke also met with Mr. Bernfeld about the case on two occasions. (Id. ¶¶ 5-6.) At the time he gave Mr. Bernfeld the case file in November 2003, Mr. Burke "understood

4

that Mr. Bernfeld intended to file plaintiffs' answer shortly after [their] meeting." (Id. ¶ 5.) At their next meeting, in August 2004, Mr. Burke inquired about the status of the case and was told that Mr. Bernfeld was still drafting Plaintiffs' answer. (Id. ¶ 6.) When Mr. Burke asked how Mr. Bernfeld had obtained an extension of time to file the answer, "[Mr. Bernfeld] replied that he had worked it out with opposing counsel." (Id.) Finally, after Plaintiffs decided to discharge Mr. Bernfeld as their attorney in October 2004, Mr. Burke telephoned Mr. Bernfeld and asked where the case stood; Mr. Bernfeld replied, "It's not standing, it's sitting." (Id. ¶ 7.)

In view of the affidavits Plaintiffs submitted with the instant motion, the Court finds that Plaintiffs have shown good cause as to why they should be relieved from the strictures of the Scheduling Order. To be sure, attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b). See, e.g., AMW Materials Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003) ("Counsel's inadvertence or oversight is not good cause for the purposes of Rule 16."); Bracy v. State of New York, No. 98 Civ. 3308 (RMB) (HBP), 2001 U.S. Dist. LEXIS 19986, at *3 (S.D.N.Y. Dec. 5, 2001) ("If oversight alone constituted 'good cause' to modify a scheduling order, all scheduling orders would quickly become meaningless."). It is also true that, even though Mr. Burke was no longer representing Plaintiffs in this matter, he could have determined whether Mr. Bernfeld was complying with the Scheduling Order by visiting the courthouse and checking the case records. Nonetheless, good cause exists here because Mr. Bernfeld did more than merely fail to comply with the Scheduling Order—he also refused to respond to Plaintiffs' repeated attempts to communicate with him about their case and misrepresented the

5

status of the case to Mr. Burke. Accordingly, this Court concludes that Plaintiffs have shown good cause for their failure to comply with the Scheduling Order.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion for an order extending the deadlines listed in the December 22, 2003 Scheduling Order is granted. Counsel should attend a conference on May 16, 2005 at 9:30 a.m. to set a new schedule for trial and compliance with Rule 26 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: New York, New York
May 12, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

Counsel for Plaintiffs/Counterclaim Defendants

Law Office of Christopher J. Gray, P.C.
460 Park Avenue, 21st Floor
New York, NY 10022
By: Christopher J. Gray
Tel: 212-838-3221
Fax: 212-937-3139


Counsel for Defendants/Counterclaim Plaintiffs

Mayer, Brown, Rowe and Maw
1675 Broadway
New York, NY 10019
By: Dennis P. Orr
Tel: 212-506-2690
Fax: 212-849-5690