```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MULTI-JUICE, S.A., SNAPPLE HELLAS, S.A.,
and NEW AGE BEVERAGES HELLAS,

                        Plaintiffs,            02 Civ. 4635 (RPP)

        - against -                            OPINION AND ORDER

SNAPPLE BEVERAGE CORP., and
MISTIC BRANDS, INC.,

                        Defendants.
---------------------------------------------------------------------X
SNAPPLE BEVERAGE CORP., and
MISTIC BRANDS, INC.,

                        Counterclaim Plaintiffs,

        - against -

MULTI-JUICE, S.A., NEW AGE BEVERAGE
HELLAS, ARTHUR TAVANTZIS and
NAOUM TAVANTZIS,

                        Counterclaim Defendants.
---------------------------------------------------------------------X
```

**ROBERT P. PATTERSON, JR., U.S.D.J.**

By motion dated September 30, 2005, Defendants/Counterclaim Plaintiff Snapple Beverage Corp. ("Snapple") moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on its First Counterclaim for breach of contract against Multi-Juice, S.A. ("Multi-Juice") and Counterclaim Defendants Arthur Tavantzis and Naoum Tavantzis ("the Tavantzises"). By Opinion and Order dated June 1, 2006, summary judgment was granted as to Defendant Snapple's counterclaim against Multi-Juice for goods sold and delivered. By motion filed June 19,

2006, Plaintiff Multi-Juice has moved for reconsideration of this Court's grant of summary judgment to Snapple on its First Counterclaim.

The background to this controversy is set forth in prior opinions of this Court, Multi-Juice, S.A. v. Snapple Bev. Corp., No. 02 Civ. 4635 (RPP), 2003 U.S. Dist. LEXIS 7040 (S.D.N.Y. Apr. 24, 2003), and Multi-Juice, S.A. v. Snapple Bev. Corp., 2006 U.S. Dist. LEXIS 35928 (S.D.N.Y. 2006), familiarity with which are assumed.

**Standard of Review**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court. In deciding a reconsideration and reargument motion, the Court must not allow a party to use the motion as a substitute for appealing from a final judgment." Dellefave v. Access Temporaries, Inc., 2001 WL 286771, *1 (S.D.N.Y. 2001). Therefore, "to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Id. (internal citations omitted).

**DISCUSSION**

In its motion for reconsideration, Plaintiff/Counterclaim Defendant Multi-Juice claims that "the Court may have overlooked sworn testimony before the Court . . . that established triable issues of fact concerning Snapple's counterclaim." Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Pl. Mem.") at 2. Plaintiff asserts that sworn deposition testimony submitted with the Affidavit of Christopher Gray demonstrated that certain of the goods delivered by Snapple to Multi-Juice arrived late, were nonconforming in that they were the wrong flavors, and/or arrived in a damaged condition. Id. at 3. In addition, Plaintiff claims that it submitted evidence showing that Snapple shipped merchandise to Multi-Juice that was "well along toward being expired." Id.

> Paragraph 24 of Snapple's Local Rule 56.1 Statement read as follows:
>
> From April 23, 1999 through June 18, 1999, Snapple sent invoices to Multi-Juice totaling £54,648.50 *for products received and accepted* by Multi-Juice. Ex. 20 (Invoice No. 029-99); Ex. 22 (Invoice No. 030-99); Ex. 23 (Invoice No. 063-99); Ex. 24 (Invoice No. 064-99); Ex. 25 (Invoice No. 067-99) (collectively, "*1999 Invoices*"); Ex. 26 (Date Book Entry of 10/18/99); Ex. 27 (E. Tavantzis Dep. at 265:18-269:24).

Snapple Beverage Corp.'s Local Rule 56.1 Statement ("Def.'s 56.1") ¶ 24 (emphasis added).

Paragraphs 25 through 29 of Snapple's 56.1 Statement list each of the above 1999 invoices.[1] Paragraphs 30 and 31 state that Multi-Juice's date book entry of October 18, 1999 is entitled "Imports 1999" and lists each of the above invoices from Snapple, broken down by flavors, number of cases, and pallets, and the invoice total of £54,648.5. Def.'s 56.1 ¶¶ 30-31.

---

[1] Invoices for goods shipped in 1998 and early 1999 were not the subject of Snapple's claim.

Paragraph 32 states: "Multi-Juice failed to pay the amounts due and owing under the 1999 Invoices."  Def.'s 56.1 ¶ 32.  Multi-Juice's Response to Defendants' Statement Pursuant to Local Rule 56.1 ("Pl.'s Response to 56.1") admits paragraphs 25 through 32.

With respect to paragraph 24, Multi-Juice's statement reads: "Admitted except deny that all of the products conformed to the orders and were accepted."  Pl.'s 56.1 ¶ 24.  Multi-Juice cited no evidence to support this statement in paragraph 24.  Based on this failure to cite to supporting evidence, the Court had sufficient grounds under the Local Civil Rules to award summary judgment to Snapple.  See Rule 56.1(d) (providing that "[e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)").

Nevertheless, the Court read all the motion papers and was fully aware of the deposition testimony attached as exhibits to Christopher Gray's Affidavit in Response to Defendant's Local Rule 56.1 Statement.  It noted that the testimony cited did not contradict the fact that the goods were received and accepted by Multi-Juice.[2]  The testimony cited by Multi-Juice did not provide any evidence of a rejection of the goods listed in these invoices within a reasonable time after their receipt and inspection, as required by Uniform Commercial Code ("U.C.C.") § 2-606, which states:

(1) Acceptance of goods occurs when the buyer
    a.  after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or

---

[2] See Multi-Juice, S.A. v. Snapple Bev. Corp., 2006 U.S. Dist. LEXIS 35928 at *43: "In the alternative, Defendant Snapple maintains that it is still entitled to summary judgment on its counterclaims under U.C.C. § 2-201(3)(c), which provides that an otherwise unenforceable agreement is enforceable "with respect to goods . . . which . . . have been received and accepted."  Because the evidence submitted by Snapple demonstrates that the Snapple goods were received and accepted by Plaintiff Multi-Juice, see Orr Ex. 26, Ex. 27 at 265:18-269:24, and Plaintiff has submitted no evidence that the deliveries were nonconforming or of damaged goods, Defendants can recover the cost of such goods under this U.C.C. provision."

4

> b.  fails to make an effective rejection (subsection (1) of Section 2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
> c.  does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.
> (2) Acceptance of a part of any commercial unit is acceptance of that entire unit.

§ 2-606 (1998). The depositions offered by Multi-Juice did not provide any evidence of a timely rejection of the goods in these invoices. Accordingly, Snapple's motion for summary judgment was granted as to Multi-Juice's breach of contract claim for £54,648.50 plus interest.

## CONCLUSION

Plaintiff has failed to demonstrate that the Court overlooked controlling decisions or data that might reasonably be expected to alter the Court's conclusion in the underlying motion. See Shrader, 70 F.3d at 257. Accordingly, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: New York, New York
August 31, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

5

Copies of this Opinion and Order sent to:

Counsel for Plaintiffs/Counterclaim Defendants

Law Office of Christopher J. Gray, P.C.
460 Park Avenue, 21st Floor
New York, NY 10022
By:	Christopher J. Gray
Tel:	212-838-3221
Fax:	212-937-3139


Counsel for Defendants/Counterclaim Plaintiffs

Mayer, Brown, Rowe and Maw
1675 Broadway
New York, NY 10019
By:	Dennis P. Orr
Tel:	212-506-2690
Fax:	212-849-5690